J. F. HORNBECK and G. W. PETTY, Respondents,
v. W. H. HESTER and MRS. H. W. HESTER,
Appellants.

Kansas City Court of Appeals, April 1, 1912.

APPEAL AND ERROR: Justice Courts: Motion to Retax Costs:
Tender.  Where a tender was made before suit was brought in
a justice court and kept good by depositing the money in court
and thereafter the justice entered judgment against the party
making the tender, including costs, no appeal can be taken
from the judgment for costs unless a motion to retax costs is
filed, within the prescribed time, and overruled.

Appeal from Vernon Circuit Court.—*Hon. B. G.
Thurman,* Judge.

AFFIRMED.

*A. J. King* for appellants.

*J. N. Coil* for respondents.

JOHNSON, J.—This is a suit on an account of
thirty dollars and seventy-five cents commenced be-
fore a justice of the peace.  Two changes of venue
were taken before the case came to trial.  Defend-
ants claim they tendered eighteen dollars and eighty-
five cents before suit was brought and kept the tender
good by depositing that amount in the hand of the
constable before the trial.  But after making the al-
leged deposit they filed a counterclaim and a trial was
had to a jury on the issues raised by the statement of
plaintiffs and the counterclaim of defendants, which
resulted in a verdict for plaintiffs in the sum of eigh-
teen dollars and eighty-five cents and the costs.  Im-
mediately after this verdict was returned the attorney
of defendants presented a form of judgment to the

162 App.—46

justice which assessed the costs against plaintiffs but the justice ignored this form and rendered judgment for plaintiffs in accordance with the verdict. Defendants failed to file a motion to retax the costs but filed an affidavit for appeal which recited that "this appeal is taken from the justice for taxing the costs against the defendants." An appeal bond also was filed by defendants and approved. A transcript was filed by the justice with the clerk of the circuit court and when the cause was lodged in that court plaintiffs filed a motion to dismiss the appeal on the ground, among others, that no motion to retax costs was filed by defendants in the justice court. This motion was sustained, the appeal was dismissed and judgment for costs—the only subject of controversy—was rendered against defendants and their sureties on the appeal bond. While the cause was pending in the circuit court defendants filed a motion alleging a tender of eighteen dollars and eighty-five cents to plaintiffs both before the commencement of the suit and again before the trial, and praying the court "to compel said justice by rule and attachment to correct his transcript record certified to this court by showing that these plaintiffs requested a judgment set out herein on the verdict of the jury and that said request was by said justice refused."

The court committed no error in refusing to sustain this motion and in dismissing the appeal. We shall assume, as the circuit court doubtless did, that on the rendition of the verdict defendants requested the justice to enter judgment in their favor for the costs of the action but the request was refused and judgment was rendered in accordance with the verdict. The duty then devolved on defendants if they would preserve their right to appeal from the ruling of the justice in the taxation of costs to file a motion in that court to retax the costs. The statute provides (section 7567) that "an appeal may be prosecuted from

any judgment or order of such justice sustaining or overruling a motion to retax costs provided the motion to retax costs shall have been filed within ten days from the entry of the order taxing them of which complaint is made.'' No provision is made for an appeal from a judgment taxing costs, the only right to an appeal in such cases being the right to appeal from a judgment rendered by the justice on a motion to retax filed within the time prescribed. In failing to file such motion defendants failed to acquire a right of appeal. To hold otherwise would be to enlarge the scope of the statute beyond that of its true meaning.

The motion to dismiss the appeal was properly sustained and it was not error for the court to enter judgment against defendants and their sureties in the sum of the judgment of the justice together with the costs of the appeal. Such is the procedure contemplated by the statutes relating to appeals from justices. [Sections 7568 and 7569, Revised Statutes 1909.]

The judgment is affirmed. All concur.